IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

FREDERICK BANKS
and ROBERT WALL                                                                                      PLAINTIFF

VERSUS                                                              CIVIL ACTION NO. 5:08cv261-DCB-MTP

SUSIE BRADSHAW, et al.                                                                            DEFENDANTS

## ORDER DENYING PLAINTIFF BANKS' MOTION TO RECONSIDER

BEFORE THE COURT is Plaintiff Banks' Motion for Reconsideration [6] filed September 15, 2008.  Plaintiff moves the Court to reconsider the order [4] entered on September 5, 2008, which dismissed without prejudice and severed the instant case into two separate civil actions.

According to the court records, this civil action was commenced on August 6, 2008, when Plaintiff along with a fellow inmate filed a joint complaint entitled "Emergency Petition for a Writ of mandamus pursuant to 18 U.S.C. § 3332; 28 U.S.C. § 1361; 28 U.S.C. § 1651; and Emergency Motion for Preliminary Injunctive Relief; and Declaration; and Motion to Certify as Class Action and for Class Counsel Appointment" claiming that their constitutional rights to vote were being violated while being housed at F.C.I.-Yazoo, Yazoo City, Mississippi.  The order [4] entered on September 5, 2008, held that the instant civil action must be severed because the pro se prisoner Plaintiffs' claims were "based upon the violation of [each] plaintiff's person rights, and not the rights of someone else," see Archuleta v. McShan, 897 F.2d 495, 497 (10th Cir. 1990)(citations omitted); Coon v. Ledbetter, 780 F.2d 1158, 1160-61 (5th Cir. 1986), and that

since the enactment of the Prison Litigation Reform Act of 1996 (PLRA), multi-plaintiff prisoner complaints render the PLRA inefficient.

In the motion [6] presently before this court, Plaintiff argues that since the instant civil action was brought in part pursuant to 18 U.S.C. § 3332, a criminal statute, the PLRA does not apply. Having considered the issues raised in the motion [6], the Court finds that the motion is not well-taken and should be denied.

The instant case was severed into two separate civil actions which are presently pending in this court. In Banks v. Bradshaw, et al., 5:08cv276-DCB-MTP, one of the severed cases which is presently pending, Plaintiff has the opportunity to present his claims that his constitutional rights to vote have been violated while incarcerated at F.C.I.-Yazoo. Moreover, even though the Plaintiff's argument is correct that the criminal statute 18 U.S.C. § 3332, which is one of the bases of the instant complaint, does not fall within the purview of the Prison Litigation Reform Act, this Court finds that Plaintiff does not have the authority to pursue a criminal action pursuant to 18 U.S.C. § 3332. See United States v. Batchelder, 442 U.S. 114 (1979); see also Inmates of Attica Correctional Facility v. Rockefeller, 477 F.2d 375 (2d Cir. 1973)(the decision to prosecute officials for alleged violations of federal civil rights is within the discretion of the United States Attorney); United States v. Nixon, 418 U.S. 683, 693 (1974)("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."). Finally, Plaintiff Banks as a private citizen does not have the authority to initiate a federal criminal prosecution against defendants who have allegedly violated his constitutional rights. See Williams v. Luttrell, 99 F.App'x 705, 707 (6th Cir. 2004).

While Plaintiff cannot pursue criminal proceedings against the defendants, he may pursue a civil action relating to the alleged violation of his constitutional right to vote pursuant to Bivens v. Six Unknown Named Agents[1], 403 U.S. 388, 395-97 (1971) against federal agents and/or a 42 U.S.C. § 1983 action against state actors. This Court does have the power to construe liberally a pro se Plaintiff's pleading as one brought pursuant to another statute. See Davis v. Fechtel, 150 F.3d 486 (5th Cir. 1998)(court construed petition for mandamus relief as one filed pursuant to § 2241); Dickerson v. Louisiana, 816 F.2d 220 (5th Cir. 1987)(court construed § 2254 petition as a § 2241 petition).

Plaintiff's claim concerning his right to vote being violated presents a claim that could be pursued as a Bivens claim against federal agents and/or as a 42 U.S.C. § 1983 claim against state officials. Thus, his claim is clearly a condition of his confinement and therefore, the PLRA applies. As pointed out by Plaintiff in his motion to reconsider [6], he has accumulated three-strikes under the PLRA and therefore, must pay the filing fee in order to pursue a conditions of confinement claim. Hence, Plaintiff's refusal to file a conditions of confinement complaint as provided for by Bivens v. Six Unknown Named Agents, 403 U.S. 388, 395-97 (1971) or as a 42 U.S.C. § 1983 complaint, is no surprise because he knows that he will be required to pay the filing fee as set forth in 28 U.S.C. § 1915 unless he can met the exception of being "under imminent danger of serious physical injury." Notwithstanding Plaintiff's three-strikes, based on the foregoing discussion, this Court has determined that the correct legal finding was issued in this cause in the order [4] severing this case.

---

[1] Under Bivens v. Six Unknown Named Agents, 403 U.S. 388, 395-97 (1971), a person acting under color of federal law may be sued for damages if that federal agent deprived another person of a right secured by the Constitution or other law of the United States.

IT IS HEREBY ORDERED that the Plaintiff's Motion to Reconsider [6] filed on September 15, 2008, is hereby **DENIED.**

This the   29th    day of September, 2008.

                                          s/ David Bramlette
                                UNITED STATES DISTRICT JUDGE